**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

UNITED STATES OF AMERICA,  :
           :
v.            :
           :  CASE NO.: 7:26-CR-02 (WLS-ALS)
TAYSHAWN BERNARD STEWART, :
           :
  Defendant.     :
           :

## <u>ORDER</u>

Before the Court is the Defendant's Motion to Continue (Doc. 25), filed on March 20, 2026. Therein, Defendant requests a continuance of the pretrial conference in this matter currently scheduled for April 1, 2026, as well as a continuance of the trial in this matter from the May 2026 trial term to the Court's next Valdosta Division trial term.[1] (*Id.*) Defendant states that his initial appearance was held on February 23, 2026, and that the pretrial conference in this matter was noticed shortly thereafter. (*Id.*) Defendant further states that additional time is needed for his counsel to review discovery with him and to engage in potential plea negotiations with the Government. (*Id.* ¶ 3). Defendant notes that the Government does not oppose a continuance and submits that the interests of justice served by granting the requested continuance outweigh the best interests of the public and Mr. Stewart in a speedy trial. (*Id.*)

Based on Defendant's stated reasons, the Court finds that a continuance is necessary for Defendant's counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)–(B). Therefore, Defendant's Motion (Doc. 25) is **GRANTED**. The trial in the above-captioned matter is hereby **CONTINUED** to the Valdosta Division August 2026 term and its conclusion, or as may be otherwise ordered by the Court. Accordingly, the April 1, 2026 pretrial conference is **CANCELLED**.

---

[1] The Court notes that Defendant's Motion does not state the duration of the requested continuance. (Doc. 25). The Court construes the Motion as requesting a continuance to the Court's next Valdosta trial term, which is August 2026. If Defendant objects to the Court's interpretation, he shall immediately file an objection to this Order, in writing, stating as much.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 23rd day of March 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2